FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYL K. J.,[1] | No. 4:21-CV-05019-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S** |
| COMMISSIONER OF SOCIAL | **MOTION FOR SUMMARY** |
| SECURITY ADMINISTRATION, | **JUDGMENT; DENYING** |
| Defendant. | **DEFENDANT'S MOTION FOR** |
| | **SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 18, 19. The motions were heard without oral argument. Plaintiff is represented by Chad L. Hatfield; Defendant is represented by Katherine Bennett Watson and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 18, and denies Defendant's Motion for Summary

_____

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~1

Judgment, ECF No. 19.

## I.    Jurisdiction

On May 30, 2018, Plaintiff filed an application for disability insurance. He alleged disability beginning February 1, 2008.

Plaintiff's application was denied initially and on reconsideration. On February 19, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On August 19, 2020, Plaintiff appeared with counsel, Chad Hatfield, and testified at a telephone hearing before ALJ Mark Kim. Robert Hincks, vocational expert also participated. The ALJ issued a decision on September 17, 2020, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on December 9, 2020. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on February 12, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~2**

Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1),

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~3**

416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~4

ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an

---

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~5**

understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

## IV.    Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff has past relevant work as a Registered Nurse. He has a history of blood clots and MRSA and suffers from arthritis in several of his joints. He has had four surgeries on his left knee. In the mid 1980's Plaintiff was in a motorcycle

accident, as well as an automobile accident. He sustained a whiplash injury. In the mid 1990's Plaintiff had blood clots in his right arm and then his left arm. Shunts were inserted in both arms, and both arms became infected with MRSA. Plaintiff has restricted range of motion with his left shoulder and has difficulties using his left arm in pulling, pushing or reaching.

In 2008, he developed a MRSA infection in his left hip. He has been treated since that time for chronic pain and he has not worked since. He describes the pain as involving the entire spine from the base of his head to his tailbone. He also has pain in his hips and knees. He is also treated for muscle spasms. Plaintiff has a hammer toe and chronic pain in his left foot.

He testified that he could be on his feet two hours, but then he would need to lay down for an hour or so. He testified that after 2008 he was not able to walk at a normal pace on uneven surfaces, like grass or gravel because his left foot was dragging or not lifting up as high as it would in a normal gait. He testified that he would trip while walking on grass. He avoided stairs, but if he needed to, he would use both handrails to pull himself up and take one step then bring the other foot to the same step. He testified that he could sit for 15 or 20 minutes before he would have to change positions.

In 2013 Plaintiff lost his house because of his inability to work and was living at the Union Gospel Mission for most of the time period in question.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 15-23. The ALJ found that Plaintiff met the insured status requirements through June 30, 2013. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2008 through his date last insured of June 30, 2013. AR 17.

At step two, the ALJ identified the following severe impairments: left hip osteoarthritis; cervical, thoracic, and lumbar degenerative disc disease; bilateral

knee osteoarthritis; and left foot arthritis. AR 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments, specifically Listing 1.02 (Major dysfunction of a joint(s) (due to any cause) and Listing 1.04 (Disorders of the spine). AR 18. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> perform light work as defined in 20 CFR 404.1567(b) except he could stand and/or walk one hour at a time; never crouch, crawl, or climb ladders or scaffolds; occasionally stoop and kneel; less than occasionally climb flights of stairs; and must avoid extreme cold temperatures and unprotected heights.

AR at 18.

At step four, the ALJ found Plaintiff had past relevant work as registered nurse, but this job exceeded Plaintiff's current residual functional capacity and therefore, Plaintiff was unable to perform past relevant work. AR 21.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including laundry sorter, hand packager-inspector, and parking lot cashier. AR 23.

## VI. Issues for Review

(1)  Whether the ALJ properly conducted an adequate analysis at Step Three?

(2)  Whether the ALJ properly evaluated the medical opinion evidence?

(3)  Whether the ALJ properly evaluated Plaintiff's symptom testimony?

(4)  Whether the ALJ properly conducted an adequate analysis at Step Five?

## VII.  Discussion

Plaintiff argues the ALJ erred by (1) rejecting the disabling medical opinion of Dr. Ryan, his treating physician of twenty years; (2) mischaracterizing the record evidence and objective findings; (3) failing to evaluate whether Plaintiff is

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~8**

able to ambulate effectively at step three and (4) rejecting Plaintiff's testimony without consideration of the prescribed need to lie down during the day due to exacerbation of pain and lower extremity edema.

The issues before the Court are limited to a specific time frame. In order to qualify for disability insurance, Plaintiff must establish that he was disabled from February 1, 2008 through June 13, 2013. The medical records from this time are limited due to Plaintiff not having insurance for a period after he quit work and before he was able to sign up for Obamacare.

In 2020, Dr. Ryan completed a medical report. He provided the following diagnoses: chronic pain, mild osteoarthritis in right hip, end stage osteoarthritis in left hip, left knee degeneration, disc degeneration of multiple levels of his spine, and muscle spasms. He detailed chronic back, hip, and knee pain; chronic generalized pain and muscle spasms, disc degeneration of his cervical, lumbar and thoracic areas of the spine. He stated that Plaintiff would have to lie down and/or elevate his legs during the day due to edema, as well as pain, 5-7 times per day, up to 1-2 hours at a time. He also noted that surgical intervention was recommended, but Plaintiff had a high risk for complications. Additionally, he noted that minimal physical activity caused increased pain and limited Plaintiff's mobility. He concluded that Plaintiff was severely limited and would be unable to perform the demands of even sedentary work. Notably, he stated that Plaintiff's limitations had existed at these levels since June 30, 2013. AR 899-901.

In 2014, Plaintiff sought treatment from the Kadlec Clinic Foot and Ankle Clinc. Dr. Graves diagnosed Plaintiff with degenerative arthritis left first Metatarsophalangeal (MTPJ) with hallux rigidus and second hammertoe deformity with MTPJ contracture. AR473. He reported to Dr. Graves that he had a long history of pain and tenderness to his left foot, but his pain had increased with ambulation.

The ALJ found Dr. Ryan's testimony to be unpersuasive because his opinion

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~9

only dated back to June 30, 2013, and his opinions were inconsistent with the objective record during the relevant period and seemed to mostly address conditions developed or worsened after the date last insured. The ALJ took issue with Dr. Ryan's conclusions that Plaintiff was severely limited, when Plaintiff himself testified that during the time period in question, he could perform household chores, shop and drive independently, and life and carry up to 10 pounds on a regular basis throughout the day.

The ALJ's findings regarding the opinion of Dr. Ryan are in error. It is simply not true that Dr. Ryan's opinions are inconsistent and not supported by the record. Dr. Ryan's treatment notes from 2008 onward document that Plaintiff was suffering from chronic pain in his spine, hips, knees, and feet. Dr. Ryan's conclusion that Plaintiff was severely limited was informed by Plaintiff's need to lie down after activity due to swelling and pain. This is not inconsistent with Plaintiff's testimony that he could perform household chores but would need to lie down afterword. Also, based on further clarification from counsel, it appears that the ALJ used Plaintiff's testimony regarding his ability to complete household chores covering the time period when he was working, which was before 2008, rather than the time period in question. Upon questioning by counsel, Plaintiff testified that after 2008, he shopped for groceries once every couple of weeks, and then had to lie down afterwards.

(3)  **Award for Immediate Benefits**

The ALJ erred in finding Dr. Ryan's testimony unpersuasive. Dr. Ryan treated Plaintiff for over 20 years. His testimony is supported by objective medical evidence and is consistent with his records, which reflect that since 2008, Plaintiff suffered from degenerative diseases affecting his spine, hips, knee and feet that caused chronic pain and precluded Plaintiff from working full-time. As such, the ALJ's decision finding Plaintiff not disabled from 2008 to 2013 is not supported by substantial evidence.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~10

Given that the record is fulling developed and Dr. Ryan's testimony supports a finding of disability, it is not necessary to remand for additional proceedings.

Accordingly, **IT IS HEREBY ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

2.      Defendant's Motion for Summary Judgment, ECF No. 19, is **DENIED**.

3.      The decision of the Commissioner is **REVERSED** and **REMANDED** for an immediate calculation and award of benefits.

4.      Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 11th day of April 2022.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~11